UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUEANNA JONES,

      Plaintiff,

v.                                 Case No.  8:25-cv-3535-JLB-AAS

FLORIDA RURAL LEGAL
SERVICES, INC. et al.,

      Defendants.
_____/

## ORDER

Defendant Florida Rural Legal Services, Inc. (FRLS) moves to vacate the

clerk's default entered against it on February 24, 2026. (Doc. 17). Plaintiff

Sueanna Jones opposes the motion. (Doc. 19).

Rule 55(c) of the Federal Rules of Civil Procedure provides that the

"Court may set aside an entry of default for good cause . . ." According to the

Eleventh Circuit,

> "'Good cause' is a mutable standard, varying from situation to
> situation. It is also a liberal one, but not so elastic as to be devoid
> of substance." *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989). We
> recognize that "good cause" is not susceptible to a precise formula,
> but some general guidelines are commonly applied. *Id.* Courts
> have considered whether the default was culpable or willful, and
> whether setting it aside would prejudice the adversary.
> [*Commercial Bank of Kuwait v.] Rafidain Bank*, 15 F.3d [238] at
> 243 [(2d Cir. 1994)]; *see also Robinson v. United States*, 734 F.2d
> 735, 739 (11th Cir. 1984). We note, however, that these factors are
> not "talismanic," and that courts have examined other factors
> including whether the public interest was implicated, whether

1

there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. *E.g., Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992).

*Compania Interamericana Export-Import, S.A. v. Compania Dominicana*, 88 F.3d 948, 951–52 (11th Cir. 1996).

FRLS's failure to timely respond to the complaint was not willful. Due to an administrative oversight, FRLS's counsel was not notified that the complaint had been served and therefore did not properly calendar the response deadline. (*See* Doc. 17-1). After discovering the error and learning that a clerk's default had been entered, FRLS's counsel promptly filed a Notice of Lead Counsel Designation on March 2, 2026. (Doc. 15). FRLS further acted promptly to correct the error by filing the instant motion to set aside the clerk's default within three business days of its entry. (Doc. 17). FRLS's prompt actions support a finding of good cause. *See Sherrard v. Macy's Sys. & Tech. Inc.*, 724 F. App'x 736, 738 (11th Cir. 2018) (citing *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1337 n.7 (11th Cir. 2014) (finding good cause to set aside default where defendant filed a motion to set aside the default three days after the clerk entered default).

In addition, Ms. Jones will not be prejudiced by the court setting aside the clerk's default. "The prejudice to be considered by the Court is the effect of setting aside the default, if any, on the Plaintiff's ability to prosecute the case on the merits." *Sobkowski v. Wyeth, Inc.*, No. 5:04 CV 96-OC-10GRJ, 2004 WL

2

3569703, at *2 (M.D. Fla. June 4, 2004). This includes circumstances in which setting aside a default would result in the loss of evidence. *Id.* A case management and scheduling order has not yet been entered, and this action is in its beginning stages. Setting aside the clerk's default would not compromise Ms. Jones's ability to prosecute her case on the merits, nor would it cause a loss of evidence. Thus, Ms. Jones will not be materially prejudiced.

Good cause exists to vacate the clerk's default entered against FRLS. Accordingly, FRLS's motion to vacate the clerk's default (Doc. 17) is **GRANTED**. FRLS's motion to dismiss Ms. Jones's complaint (Doc. 20) is deemed properly filed.

**ORDERED** in Tampa, Florida, on March 4, 2026.

_____

AMANDA ARNOLD SANSONE
United States Magistrate Judge

3